# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COST MANAGEMENT INCENTIVES, INC., | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | Civil No. 3:06cv203 (PCD) |
| | : | |
| THERADEX SYSTEMS, INC., | : | |
| Defendant. | : | |
| | : | |
| THERADEX SYSTEMS, INC., | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| COST MANAGEMENT INCENTIVES, INC., CHRISTOPHER DOUGLAS and RENEE KRUPA, | : | |
| Counterclaim Defendants. | : | |

## RULING ON DEFENDANT'S MOTION TO COMPEL

Defendant/Counterclaim Plaintiff Theradex Systems, Inc. ("Theradex") moves for an order compelling a party witness who was served with a notice of deposition *duces tecum* to produce the requested documents at his deposition, setting a court-ordered date for a second witness's deposition, and extending the existing discovery deadline for two more weeks so as to permit that second witness (himself a party) to be deposed on the only date as to which he has agreed to make himself available. For the reasons that follow, Theradex's Second Motion to Compel [Doc. No. 31] is **granted in part** and **denied in part**.

It appears that the parties have, in large part, resolved the outstanding discovery issues by agreement. With regard to the personnel files, Plaintiff initially objected to their production based on Connecticut General Statutes Section 31-128f, which prohibits the release of employee

personnel files without the written consent of the employees. The statute provides in pertinent part:

> No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except . . . (2) pursuant to a lawfully issued administrative summons or judicial order . . . .

Plaintiff already obtained the consent of two of its employees, Christopher Douglas and Renee Krupa, and produced their files at the deposition of CMI President Daniel Hallen, as requested. Plaintiff has been unable to obtain the consent of a third employee, Scott Maurer, who no longer works for CMI and for whom CMI no longer has current contact information. Theradex argues that the records may be obtained pursuant to the second exception to § 31-128f, which permits an employer to release the records upon the issuance of a judicial order to that effect.

In Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165 (D. Conn. 2005), Magistrate Judge Smith granted a request to compel the production of personnel files of employees, finding that the documents in question were relevant to the claims in suit. Id. at 169. The Court noted that the issuance of a judicial order compelling production satisfied the second exception to Conn. Gen. Stat. § 31-128f. Id. Similarly, in Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69 (D. Conn. 2004), the Court overruled the defendant's § 31-128f objection, holding that a "lawfully issued judicial order" operates as an exception to the statute's prohibition of disclosure absent the written consent of employees. Id. at 73.

The personnel file of Scott Maurer is relevant to the issues in this suit.[1] Accordingly,

---

[1] Plaintiff does not dispute that the file is relevant, asserting only that it has been unable to obtain Mr. Maurer's consent and stating that it "takes no position with respect to the disclosure of same." (Pl.'s Mem. Opp. 2.)

2

Plaintiff is hereby ordered to produce Scott Maurer's personnel file on or before March 30, 2007.

Theradex's other requests, i.e., that the Court require Plaintiff to produce the personnel files of Christopher Douglas and Renee Krupa, that the discovery deadline be extended to February 28, 2007 and that the Court require Christopher Douglas to appear for his deposition on February 23, 2007, are moot and will be denied as such.

SO ORDERED.

Dated at New Haven, Connecticut, March  20 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut